UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NORMAN LILLARD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Case No. 4:10CV01325 RWS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Norman Lillard moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

Lillard makes three allegations in support of his 2255 petition. First, Lillard argues that his guilty plea and sentence were unconstitutional because two of the officers involved in his arrest allegedly engaged in criminal activity during his arrest. Second, Lillard argues that his wife was coerced into consenting to a search of his residence. Third, Lillard argues that his constitutional rights were violated because one of the officers involved in his arrest allegedly made false statements of probable cause when he sought a search warrant for Lillard's property. For the reasons set forth below, I will deny Lillard's motion.

**I. Background**

On February 13, 2006, police officers arrested Lillard just before he was going to sell crack cocaine to another person. Pl. Agree. at 7. Following his arrest, officers searched his residence. Two firearms and 11 ounces of crack cocaine were found at his residence during the search. Pl. Agree. at 8.

Lillard was charged with possession of one or more firearms in furtherance of a drug

1

trafficking crime, in violation of 18 U.S.C. § 924(c) based on the discovery of these firearms and the crack cocaine. Pl. Agree. at 8-9.

During his plea hearing on June 27, 2009, Lillard told me, under oath, that he had read the plea agreement, understood the plea agreement, and had discussed the plea agreement with his attorney. Lillard also told me that no promises had been made to him that were not in the plea agreement. Lillard also indicated that no one had forced him to plead guilty or threatened him to get him to plead guilty. Lillard also agreed not to appeal his sentence.

During his plea hearing, Lillard indicated that he understood the rights he was giving up by pleading guilty. He told me he understood he was waiving his right to a speedy trial and public trial by jury. He told me that he understood that if a trial were to occur, he would be presumed to be innocent, and that the burden of proof would be on the United States Attorney to prove him guilty beyond a reasonable doubt. During his plea hearing, Lillard confirmed that he understood that if a trial were to take place, the government would have to call witnesses who would testify in his presence. He indicated that he understood that his attorney could cross-examine the witnesses, object to evidence, and call witnesses to offer evidence on his behalf. Lillard also told me that he understood he would have the right not to testify or the right to testify on his own behalf at a trial. He also indicated that he understood that by pleading guilty, he was waiving his right against self-incrimination.

On June 27, 2008, Lillard pleaded guilty to possession of one or more firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). His guilty plea was made pursuant to the Plea Agreement he entered into with the United States Attorney's Office.

On September 15, 2008, Lillard was sentenced to 60 months in prison and three years of

supervised release for his crimes.

## II. Grounds for Relief

In his 28 U.S.C. § 2255 petition, Lillard alleges the following grounds for relief:

(1) His guilty plea and sentence were unconstitutional because of police misconduct;

(2) His conviction was the result of evidence obtained through a fraudulent and coerced search;

(3) His constitutional rights were violated because a police officer made false statements when he sought a search warrant for Lillard's property.

## III. Analysis

*A.     All Claims Concern Alleged Constitutional Violations Prior to Guilty Plea*

First, Lillard alleges that his sentence should be vacated because of multiple instances of alleged misconduct by his arresting police officers. Lillard alleges that officers searched his pockets during his arrest and illegally confiscated $1500.00 found in his pocket. He also alleges that the officers unlawfully searched his home without a warrant. Lillard alleges that after he was arrested, Officer Davis drove him toward his home and stated that they were going to search it regardless of whether or not they had a warrant. Lillard claims that officers ransacked his home in search of money. He alleges that another one of the officers, Detective Garrett, repeatedly asked him if there was money inside the home and, if so, where it was located. Lillard also alleges that his Fifth Amendment rights were violated because officers did not read him his Miranda rights. Lillard finally argues that officers held him against his will in violation of his Fourth Amendment rights after the search of his home was conducted. Lillard claims that Officer Davis held him in an unmarked police car and offered to make a deal with him. Lillard alleges

that Officer Davis indicated that if he provided information about a third party drug dealer, they would let him go free with no legal consequences. Allegedly, Officer Davis repeatedly asked Lillard for this information. Lillard says he eventually gave Officer Davis the name of someone he knew who supposedly engaged in drug trafficking and was then released from custody.

Second, Lillard argues that the evidence presented against him was the result of a fraudulent and coerced consent to search in violation of the Fourth Amendment. Lillard states that his wife consented to the search of the residence after it had been conducted and while she was under duress. According to his wife's affidavit, officers entered their home with guns drawn and without a warrant. She allegedly asked them to leave because they did not have a search warrant and the officers allegedly told her that she had to sign the consent form if she wanted to keep her husband from being in jail for a very long time. She claims that they also threatened to arrest her if she did not sign the consent form because drugs were found in her home.

Finally, Lillard argues his constitutional rights were violated because Officer Davis allegedly made false statements when he sought a warrant to search Lillard's property and the resulting police report was falsified. He alleges that there was no crack cocaine found in his vehicle. He also claims that he did not tell Officer Davis that he sold crack cocaine or that he had some at his residence.

Each of the alleged constitutional violations would have occurred prior to Lillard's guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the depravation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). See also United States v. Woosley, 440 F.2d 1280,

1281 (8th Cir. 1971). During Lillard's plea hearing, he admitted that he did what eh was accused of and then voluntarily entered a guilty plea. As a result, Lillard's claims for relief will be denied.

B. *Lillard Waived His Right to Assert These Challenges*

Lillard's claims also fail because he waived his right to assert these challenges. Lillard agreed in his Plea Agreement and during his plea hearing "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including [a habeas corpus proceeding], . . . except for claims of prosecutorial misconduct or ineffective assistance of counsel." Pl. Agree. at 4. Lillard does not assert prosecutorial misconduct or ineffective assistance of counsel claims in his petition. As a result, the relief Lillard seeks will be denied.

C. *Lillard's Motion is Untimely*

Lillard's claims also fail because his motion is untimely. Under 28 U.S.C. § 2255(f)(1), a petitioner generally has one year from the date on which his conviction becomes final to file a habeas corpus petition. In certain situations, however, the one-year statute of limitations begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Lillard's sentence became final on September 26, 2008. Under 28 U.S.C. § 2255(f)(1), Lillard should have filed a petition for habeas corpus by September 26, 2009. However, Lillard filed his petition on July 10, 2010, almost one year after his time to file his petition expired.

Lillard claims he is eligible to file his petition under 28 U.S.C. § 2255(f)(4). Detective Garrett, one of the officers involved in Lillard's case, pled guilty to fraud charges in unrelated cases more than 3 years after Lillard was arrested. Lillard claims that the fraudulent actions

5

Detective Garrett pled guilty to were similar to the actions he took in Lillard's case. Lillard argues the statute of limitations for his habeas petition should have begun to run on August 28, 2009, the date Lillard learned that Detective Garrett pled guilty to unrelated fraud charges.

Lillard argues he could not prove that Detective Garrett was involved in fraudulent activity through the exercise of due diligence until Garrett entered a guilty plea in an unrelated case. 28 U.S.C. § 2255(f)(4) does not support this contention. The statute of limitations starts on the date that "the facts supporting the claims *could* be discovered[.]" 28 U.S.C. § 2255(f)(4) (emphasis added). Even if the allegations Lillard now asserts are true, Lillard did not discovery anything new about his own arrest from Garrett entering a guilty plea in an unrelated case. As a result, Lillard's argument fails and his motion will be denied because it is untimely.

## IV. An Evidentiary Hearing is not Warranted

Generally, 28 U.S.C. § 2255 entitles a movant to a hearing on the merits of their petition. However, there is a well established exception to this rule when the files and records of the case conclusively show that the petitioner is not entitled to relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Check v. United States, 858 F.2d. 1330, 1333 (8th Cir. 1988). Because the record in this case conclusively establishes that Lillard is not entitled to relief, his request is denied.

## V. Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). A substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Id. For the reasons above, I find Lillard has not made such a showing. Thus, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Norman Lillard's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability, as Lillard has not made a substantial showing of the denial of a federal constitutional right. A separate Judgement will be entered on this same day.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2011.